IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 83-cv-02383-WYD

STATE OF COLORADO,

      Plaintiff,

      v.

Le Petomane XXV, Inc., not individually,
but solely in its representative capacity as
Trustee of the ASARCO Environmental
Multi-State Custodial Trust,

      Defendant.

---

## ORDER TERMINATING CONSENT DECREE

---

THIS MATTER is before the Court upon the parties' Joint Motion for Order Terminating Consent Decree filed on August 11, 2014.  The motion seeks an order terminating the Final Consent Degree, Order, Judgment, and Reference to Special Master, as Modified, entered by the Court on July 15, 1993, and amended by Order dated January 6, 2012 ("Amended 1993 Consent Decree").  The parties also filed a Memorandum in Support of Joint Motion for Order Terminating Consent Decree.

In the Joint Motion, the parties seek termination of the Amended 1993 Consent Decree as a result of the intended conveyance of the property to which the 1993 Consent Decree applies (*i.e.*, the former Asarco Globe Plant) from the ASARCO Multi-State Custodial Trust to Globeville I, LLC ("Globeville"), as well as Globeville's agreement to enter into an Enforceable Agreement with the Colorado Department of

Public Health and the Environment ("CDPHE") to ensure that the remediation of the former Asarco Globe Plant is completed to Plaintiff's satisfaction.   In light of the intended conveyance, Defendant requests that the effectiveness of the order terminating the Amended 1993 Consent Decree be made contingent upon the closing of this intended transaction and the effectiveness of the Enforceable Agreement between Globeville and CDPHE.

Also on August 11, 2014, the parties filed a Joint Notice of Lodging Proposed Termination of Consent Decree.  It noted that the termination of the Consent Decree is contingent upon the State and Globeville's execution of the Enforceable Agreement. The Enforcement Agreement requires Globeville to complete the remaining remedial actions required at the Asarco Globe Plant Site ["Site"], and will replace the terms of the 2012 Amended Consent Decree.  It also allows remediation of the Site to continue after the funds obtained under the Settlement Agreement of the State's claim in the Asarco bankruptcy have been depleted.  The Joint Notice stated that public comments would be solicited regarding the proposed Termination of Consent Decree, and that after the close of the public comment period, the State would submit a responsiveness summary to the Court responding to the public comment.

On September 18, 2014, the State of Colorado filed Notice of Public Comments and Request for Order Approving the Joint Motion for Termination of Consent Decree. This document notes that the CDPHE published notice of the Proposed Termination of Consent Decree in the Denver Post, attached to the document as Exhibit B.  It further notes that the CDPHE received one comment from the City and County of Denver,

attached as Exhibit A. The CDPHE considered that comment and provided its

response, attached as Exhibit B, in which it states its belief that it is appropriate to

continue with the Termination of the Amended Consent Decree. In light of this, the

State of Colorado and the Defendant jointly request the Court sign and enter the

Termination of Consent Decree.

Having carefully reviewed the foregoing documents and the file, I find that the

parties have demonstrated, after public notice, that good cause exists for termination of

the Amended Consent Decree. In so finding, I incorporate the reasons set forth in the

parties' Memorandum in Support of Joint Motion for Order Terminating Consent Decree

for why the Amended 1993 Consent Decree should be terminated. Accordingly, it is

ORDERED that parties' Joint Motion for Order Terminating Consent Decree

(ECF No. 122) is **GRANTED**. In accordance therewith, it is

ORDERED that the Amended 1993 Consent Decree is hereby terminated in its

entirety, except as to those provisions that expressly survive termination under the

terms of the Amended 1993 Consent Decree. It is

FURTHER ORDERED that the State shall retain its rights to enforce the Consent

Decree for the sole purpose of ensuring that the Trust expends the Remaining

Contribution Funds, consistent with the Fourth Amendment to the Remediation and

Development Agreement, if necessary. Finally, it is

ORDERED that this Order shall not become effective unless and until

the following occur: (1) the transfer of the property to which the Amended 1993 Consent

Decree applies, the former Asarco Globe Plant, from the ASARCO Multi-State Custodial

Trust to Globeville I, LLC ("Globeville") is complete and effective, as evidenced by the

recording of a fully executed trustee's quitclaim deed in the real property records of

Denver and Adams counties; and (2) the enforceable agreement between Globeville

and the Colorado Department of Public Health and the Environment regarding the

former Asarco Globe Plant is executed by both Globeville and CDPHE.

Dated:  September 25, 2014

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge